You are here: BREG Online Services

- Home - BREG
- **BREG Online Services**
  - Annual Business Filing
  - Search for a Business Entity
  - Purchase Documents Online NEW
  - Purchase Certificate of Good Standing
  - Authenticate a Certificate of Good Standing
  - Register a Business
  - Entity List Builder
- Contact BREG
- Technical Support
- Feedback
- Create an Account

Begins with ▼ [ ] Search 🛒 Cart

## MILLENNIUM TGA INC.
DOMESTIC PROFIT CORPORATION

GENERAL INFO | ANNUAL FILINGS | OFFICERS | STOCKS | TRADE NAMES/MARKS | OTHER FILINGS | BUY AVAILABLE DOCS

### General Info

📄 VIEW AND PRINT COMPANY INFO

Purchase a Certificate of Good Standing for this business:

☐ 📄 ELECTRONIC . . . . . . . $7.50

☐ 📄 PRINTED . . . . . . . $7.50

Add to Cart

| | |
|---|---|
| MASTER NAME | MILLENNIUM TGA INC. |
| BUSINESS TYPE | Domestic Profit Corporation |
| FILE NUMBER | 121524 D1 |
| STATUS | Active |
| PURPOSE | TO AID BUSINESSES IN CREATING AN ONLINE PRESENCE; |
| PLACE INCORPORATED | Hawaii UNITED STATES |
| REGISTRATION DATE | Mar 12, 2001 |
| MAILING ADDRESS | 1812 W. BURBANK BLVD #131<br>BURBANK, California 91506<br>UNITED STATES |
| CONSENT NAME | MILLENNIUM-TGA |
| TERM | PER |
| AGENT NAME | STEVEN GALLON |
| AGENT ADDRESS | 770 KAPIOLANI BLVD SUITE 514<br>HONOLULU, Hawaii 96813<br>UNITED STATES |

*[Handwritten note:]* trying to quash the subpoena for evidence

Brent and charmin Pelletier
651-408-3819

SCANNED
MAY 0 3 2012
U.S. DISTRICT COURT ST. PAUL

http://hbe.ehawaii.gov/documents/business.html?fileNumber=121524D1    5/1/2012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILLENNIUM TGA, INC., )<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>JOHN DOE, )<br>Defendant. )<br>) | Case No.: 12-mc-00150 (ESH/AK)<br><br>[Underlying civil action pending in the U.S. District Court for the Southern District of Texas, No. 4:11-cv-4501] |

## MEMORANDUM ORDER

This miscellaneous action was referred to the undersigned for resolution of Plaintiff's Motion to Compel Compliance with Subpoena and Memorandum in support thereof (collectively referred to as the "Motion to Compel") [1].[1] *See* Order of Referral [4]. Plaintiff Millennium TGA, Inc. ("Millenium" or "Plaintiff") moves this Court, pursuant to Fed. R. Civ. P. 45(c)(2)(B)(I), to enter an order compelling nonparty subpoena recipient Comcast Cable Communications LLC ("Comcast") to produce information that was requested in a subpoena *duces tecum* issued by Millenium to Comcast on February 15, 2012.[2] The issuance of the subpoena was authorized in connection with the underlying litigation, captioned *Millenium TGA, Inc. v. Doe*, No.4:11-cv-4501 (S.D. Tex. 2011). *See* February 9, 2012 Order Granting Plaintiff's Motion for Leave to Take Expedited Discovery. (Motion to Compel [1] at 18-20.)

Nonparty Comcast initially contested compliance with the subpoena on grounds of:

---

[1] The page numbers referenced herein for the Motion to Compel refer to the page numbers assigned via the electronic case filing system for document [1] (34 pages in total) because Plaintiff has attached various unnumbered pages as exhibits to the Motion without designating Exhibit numbers.

[2] Fed. R. Civ. P. 45(c)(2)(B)(I) provides that the party serving a subpoena may "move the issuing court for an order compelling production or inspection."

1) inadequate time for compliance; 2) inadequate assurance of payment; 3) improper joinder of the prospective *Doe* defendants, who are Comcast subscribers; and 4) lack of personal jurisdiction over the *Doe* defendants. (Motion to Compel at 1.) Comcast's objection regarding assurance of payment has since been withdrawn. *Id.*

## Background

Plaintiff Millenium is the "owner of the copyrighted creative work at issue in this action" and on December 20, 2011, Millenium "brought a copyright infringement action against an unnamed John Doe in the U.S. District Court for the Southern District of Texas, alleging that John Doe conspired with unnamed other tortfeasors to illegally copy and distribute its copyrighted work to others over the Internet." (Motion to Compel at 3.) In that legal action, Plaintiff not only submitted its Complaint but also included an exhibit containing an Internet Service Provider ("ISP') and Internet Protocol ("IP") address associated with the alleged infringement by John Doe, as well as an exhibit containing ISPs and IPs associated with the alleged joint tortfeasors. (Motion at 3-4, referencing Complaint in underlying lawsuit.)

On February 9, 2012, the District Court in Texas granted Plaintiff leave to issue subpoenas *duces tecum* to various ISPs for production of information regarding IP addresses. (February 9, 2012 Order, attached as Motion[1] at 18-20.) More specifically, that Order states that "Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") . . . with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address for John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address." (*Id.*)

-2-

That Order specified that the ISPs shall comply with 47 U.S.C. §551(c)(2)(B), which permits cable operators (ISPs) to "disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." (February 9, 2012 Order.) The Texas District Court's Order indicated that the ISPs have thirty (30) days from the date a copy of the February 9, 2012 Order and a copy of the subpoena was served in which to respond to the subpoena.[3] The February 9, 2012 Order further noted that "[s]ubscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena." (*Id.*) In the event that the subscribers' thirty day period "lapses without a contest, the ISPs will have ten (10) day[s] thereafter to produce the information in response to the subpoena to Plaintiff." (*Id.*)[4]

On February 15, 2012, Plaintiff issued a subpoena to Comcast (subpoena attached to Motion to Compel [1] at 21-29) seeking the identities of 351 individuals alleged to be Comcast subscribers. On February 29, 2012, Comcast objected to the subpoena on the four previously noted grounds (Opposition at 2; *see* Motion [1] at 31 [February 29, 2012 letter]) but later dropped its objection regarding lack of assurance of payment. To date, Comcast has not provided its subscribers with notification of the subpoena.

---

[3]In this case, Comcast responded by objecting to the subpoena. (Motion at 1.)

[4]The February 9, 2012 Order also states that "Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint." (February 9, 2012 Order.)

-3-

## Objections by Comcast, the ISP

Fed. R. Civ. P. 45 sets forth a list of grounds upon which a party may move to quash or modify a subpoena including: (I) fail[ure] to allow a reasonable time to comply; . . . ; (iii) requir[ing] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[ing] a person to undue burden. Fed. R. Civ. P. 45(c)(3).[5] Fed. R. Civ. P. 26(c) sets forth the procedure and grounds for filing a motion for protective order, including a claim of undue burden by a party from whom discovery is sought.[6] The burden of persuasion on a motion for protective order or to quash is borne by the movant. *See Aristotle Int'l, Inc. v. NGP Software, Inc.*, Civ. No. 05-1700, 2010 WL 2134285, at *13 (D.D.C. Mar. 10, 2010) (motion for protective order); *Linder v Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (motion to quash).

In the instant case, Comcast contests compliance with the subpoena on grounds that "the vast majority of the subscribers whose personal information is sought in the Subpoenas are not even subject to either this Court's or the underlying court's jurisdiction." (Opposition at 2.) Comcast further contends that "the rules for joinder of John Doe and his alleged co-conspirators cannot be satisfied in the Underlying Action." (Opposition at 3.) The Court notes that these defenses (lack of jurisdiction, improper joinder) are not at issue at this stage of the proceedings

---

[5]This Court finds that Comcast has moved to quash or modify the subpoena although its response to Plaintiff's Motion to Compel was only labeled as an opposition as opposed to being labeled as an opposition and motion to quash. Comcast's opposition also requests a protective order in the event that this Court grants the Motion to Compel, to allow Comcast a reasonable time for compliance.

[6]The Court may modify the terms, including time and place for discovery. Fed.R. Civ. P. 26(c)(1)(A).

-4-

nor is it appropriate for Comcast, a nonparty, to raise such these defenses on behalf of its subscribers.[7] The only issue before this Court is whether or not the subpoena is valid and enforceable. This Court honors the February 9, 2012 Order by the United States District Court for the Southern District of Texas, which permits Millenium to subpoena ISPs such as Comcast and obtain information about Comcast's subscribers. That Order provides an adequate period of time for Comcast to respond to the subpoena, directs Comcast to provide the requisite notice to its subscribers, and then allows a similarly adequate period of time for the subscribers to object to the disclosure after receipt of their notification from Comcast. In the event that the subscriber does not object, Comcast must then turn over the information to Millenium.

Comcast's remaining objection to compliance with the subpoena relates to the timing for such compliance. More specifically, Comcast requests that this Court permit it to provide notice to its subscribers "on a timeframe that does not excessively tax its resources and inhibit it from engaging in other business." (Opposition at 20.) Comcast proposes that "it can reasonably respond to no more that 50 IP address lookup requests per month." (*Id.*) While this Court acknowledges that Comcast (and other ISPs) are inundated with subpoena requests from various sources, the Court finds 50 address lookup requests per month to be unreasonable, particularly in light of the fact that Comcast is compensated by Millenium for this work.

The Court will allow Comcast sixty (60) days within which to serve all of its 351 subscribers (as identified by IP addresses). In its Opposition and during a telephonic status conference held on April 17, 2012, Comcast, through counsel, indicated that this

---

[7]This does not prevent the subscriber from raising defenses of lack of personal jurisdiction and improper joinder with the District Court in Texas when such subscriber has been identified and named as a defendant in the case.

"lookup and response" would be done on a "rolling basis." (Opposition at 20.) Comcast must retain a record of when each subscriber (indicated by IP address) was served with the subpoena for purposes of fulfilling its obligation to provide identifying information for such subscriber within ten days after the thirty day period of time for a subscriber to file a motion contesting the subpoena has run [where no motion has been filed]. In the event that a subscriber files a motion to contest the subpoena, Comcast shall preserve any subpoenaed information pending resolution of such motion. The filing of a motion by one subscriber shall only serve to stay Comcast's release of personal information regarding that subscriber and shall not otherwise affect Comcast's obligations to provide notification to all subscribers and release identifying information for subscribers who do not object within the applicable thirty day period. It is accordingly this 17th day of April, 2012,

ORDERED that Motion to Compel Compliance with Subpoena [1] is granted in part and denied in part.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

April 26, 2012

**Personal and Confidential**

**Via UPS & USPS Delivery**
CHARMIN & BRENT PELLETIER
1619 MARYLAND AVE E APT 204
SAINT PAUL, MN 55106

    Re:    *Millennium TGA, Inc. v. John Doe*
           United States District Court for the Southern District of Texas
           Docket No: 4:11-cv-04501; Order Entered February 9, 2012

           United States District Court for the District of Columbia
           Docket No.: 1:12-mc-00150; Order Entered April 17, 2012
           Comcast File #: 356485

Dear Charmin & Brent Pelletier:

    Millennium TGA, Inc. has filed a federal lawsuit in the United States District Court for the Southern District of Texas under Docket Number 4:11-cv-04501 and simultaneously in the District of Columbia under Docket Number 1:12-mc-00150 alleging infringement of copyright laws by certain individuals identified only by their assigned Internet Protocol ("IP") address. Each Internet Service Provider, including Comcast, is ordered to provide identification of their subscribers who were assigned those IP addresses during that specified date and time.

    You have been identified in our records via your assigned IP address, which is unique to each internet user, in this lawsuit for allegedly infringing Millennium TGA, Inc.'s copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 69.180.134.160 on 10/11/2011 08:34:01 GMT. The Courts have ordered Comcast to supply your name, address and other information to Millennium TGA, Inc. (see attached Orders) and accompanying Subpoena. The case has been assigned Docket Numbers 4:11-cv-04501 and 1:12-mc-00150 by the courts. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice**.

    Comcast will provide your name, address and other information as directed in the Orders unless you or your attorney file something with both the Southern District of Texas and the District of Columbia such as a motion to quash or vacate the Subpoena **no later than May 29, 2012**. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in both courts where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587 no later than May 29, 2012**. **Please note that Comcast cannot accept or file any legal action on your behalf**. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Orders to the Plaintiff on the next business day after May 29, 2012.

    If you have legal questions about this matter, please contact an attorney.

                                      Sincerely yours,

                                      Comcast Legal Response Center

Attachments:    Copy of Court Orders and accompanying Subpoena regarding civil action

| IP Address | Timestamp |
|---|---|
| 68.43.104.206 | 2011-11-27 19:00:28 |
| 68.43.147.162 | 2011-10-11 03:56:28 |
| 68.44.113.221 | 2011-12-05 03:28:15 |
| 68.46.64.29 | 2011-11-19 10:07:19 |
| 68.48.52.190 | 2011-11-17 04:51:14 |
| 68.49.200.19 | 2011-11-17 23:13:13 |
| 68.50.219.78 | 2011-10-13 22:58:36 |
| 68.51.181.186 | 2011-11-12 21:06:12 |
| 68.52.220.41 | 2011-11-23 22:36:25 |
| 68.54.157.76 | 2011-10-10 22:26:52 |
| 68.55.46.95 | 2011-11-15 03:35:20 |
| 68.56.113.205 | 2011-10-18 16:28:57 |
| 68.58.18.224 | 2011-12-04 21:51:30 |
| 68.58.209.190 | 2011-11-15 03:57:11 |
| 68.58.222.41 | 2011-11-27 12:41:22 |
| 68.59.106.197 | 2011-10-11 04:22:59 |
| 68.59.61.23 | 2011-10-11 05:29:58 |
| 68.63.228.115 | 2011-11-15 05:50:26 |
| 69.137.144.170 | 2011-11-17 00:29:00 |
| 69.137.209.214 | 2011-10-28 14:45:42 |
| 69.140.107.28 | 2011-11-18 18:54:03 |
| 69.140.248.23 | 2011-10-11 09:20:29 |
| 69.141.110.150 | 2011-11-07 03:50:56 |
| 69.142.140.59 | 2011-12-03 19:56:09 |
| 69.143.179.124 | 2011-11-18 06:15:08 |
| 69.180.134.160 | 2011-10-11 08:34:01 |
| 69.180.187.42 | 2011-11-05 03:23:10 |
| 69.180.200.203 | 2011-10-11 14:31:23 |
| 69.181.66.250 | 2011-10-15 02:19:23 |
| 69.242.20.4 | 2011-11-22 00:16:54 |
| 69.244.93.60 | 2011-11-12 00:56:38 |
| 69.246.134.116 | 2011-11-11 23:35:58 |
| 69.246.80.107 | 2011-11-14 20:56:24 |
| 69.247.66.188 | 2011-10-21 00:33:45 |
| 69.248.187.59 | 2011-12-02 04:18:38 |
| 69.249.200.105 | 2011-11-06 21:16:20 |
| 69.253.121.64 | 2011-11-26 04:51:59 |
| 69.254.117.252 | 2011-10-27 00:18:20 |
| 69.254.117.62 | 2011-11-16 04:51:33 |
| 69.254.213.135 | 2011-11-19 02:16:01 |
| 69.254.69.131 | 2011-11-30 02:02:45 |
| 69.255.193.95 | 2011-11-07 02:50:58 |
| 69.255.99.199 | 2011-11-30 03:31:57 |
| 71.192.198.73 | 2011-11-21 18:10:20 |
| 71.192.52.111 | 2011-10-28 22:38:55 |
| 71.193.148.157 | 2011-11-02 07:45:51 |
| 71.193.193.155 | 2011-10-11 16:22:34 |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| MILLENNIUM TGA, INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:11-cv-04501 |
| JOHN DOE | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of Texas    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records; Comcast Cable Communications, LLC c/o C T Corporation System UNK, 1015 15th St NW, Suite 1000, Washington, D.C. 20005

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law<br>2100 M St. NorthWest, Ste 170-417<br>Washington DC 20037-1233 | Date and Time:<br>05/04/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  02/15/2012

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Millennium TGA, Inc._____ , who issues or requests this subpoena, are:

Paul Duffy; Prenda Law, Inc.; 161 N. Clark St. Suite 3200, Chicago IL 60601; paduffy@wefightpiracy.com; (312) 880-9160

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

CASE 0:12-cv-01076-DWF-SER   Document 1-1   Filed 05/03/12   Page 12 of 14
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 1 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM TGA, INC., | CASE NO. 4:11-cv-4501 |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| JOHN DOE, | |
| Defendant. | |

[ ] ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO TAKE EXPEDITED DISCOVERY

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Expedited Discovery, the attached Declaration of Peter Hansmeier filed in support thereof, and relevant case law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Leave to Take Expedited Discovery is GRANTED.

2. Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, for

John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address.

CASE 0:12-cv-01076-DWF-SER   Document 1-1   Filed 05/03/12   Page 13 of 14
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 2 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 2 of 3

3. Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one John Doe or his co-conspirators.

4. Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve

CASE 0:12-cv-01076-DWF-SER   Document 1-1   Filed 05/03/12   Page 14 of 14
Case 4:11-cv-04501   Document 6   Filed in TXSD on 02/09/12   Page 3 of 3
Case 4:11-cv-04501   Document 2-2   Filed in TXSD on 12/21/11   Page 3 of 3

to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

7. Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DATE: Feb. 9, 2012

_____
DISTRICT COURT JUDGE